# JUVENILE COURT PROCEDURAL RULES COMMITTEE
# FINAL REPORT[1]

## Amendment of Pa.R.J.C.P. 407

On May 26, 2021, the Supreme Court amended Rule of Juvenile Court Procedure 407 to add a provision concerning requirements pursuant to the Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10 - 9799.42 for a sexually violent delinquent child (SVDC) committed for involuntary treatment. The Committee further recommends revision of the colloquy to make language concerning appellate rights after an admission consistent with Rule 512(C).

Effective April 1, 2017, the Court amended Rule 407 to simplify language in the admission colloquy and to add a separate colloquy when a juvenile is making an admission to an act of sexual violence. *See* 42 Pa.C.S. § 6358; *see also* 47 Pa.B. 820 (February 11, 2017). Regarding the latter colloquy, it advised the juvenile of the possibility of civil commitment after termination of juvenile court supervision when the juvenile turns 21 years of age. The same judicial finding that would trigger the civil commitment would also result in the juvenile being subject to lifelong SORNA registration. *See* 42 Pa.C.S. § 9799.13(9) (applicability of SORNA to SVDC) and § 9799.15(a)(5) (lifelong registration requirement).

The Juvenile Court Procedural Rules Committee subsequently received a request to amend Rule 407(D) to add a provision regarding the SORNA registration requirement under these circumstances. The Committee published a proposal to amend Rule 407 to revise the "Addendum to Admission Colloquy Form" to add a new Question 4(b) concerning the SORNA registration requirement, the frequency of reporting, the term of this obligation, and the public availability of registration information. The phrasing contained in the question was intended to reflect a seventh grade reading level. *See* 47 Pa.B. 7011 (November 18, 2017).

Additionally, for consistency purposes, the Committee proposed replacing the language of Question 20 in the Admission Colloquy Form in Rule 407(C) with the language contained in Question 9 of the Post Dispositional Rights Colloquy in Rule 512(C). The provisions in both forms discuss a juvenile's appellate rights after an admission; the Committee did not believe the description of the rights should vary because the rights themselves do not vary.

---

[1] The Committee's Final Report should not be confused with the official Committee Comments to the rules. Also note that the Supreme Court does not adopt the Committee's Comments or the contents of the Committee's explanatory Final Reports.

On February 21, 2018, the General Assembly passed Act 10 of 2018, which divided SORNA into two subchapters. Subchapter H is based on the original SORNA statute and is applicable to offenders who committed their offenses after the December 20, 2012 effective date of SORNA, 42 Pa.C.S. § 9799.11(c); Subchapter I is applicable to offenders who committed their offenses prior to the effective date of SORNA, 42 Pa.C.S. §9799.52. Subchapter I does not provide for the SORNA registration of SVDCs and does not apply to those who were adjudicated delinquent for sexual offenses as juveniles. However, a determination of SVDC status for those who committed their offenses after the effective date of SORNA does result in an SVDC being placed on the SORNA registry under Subchapter H, and SVDCs are subject to the same registration and notification requirements as sexually violent predators (SORNA Subchapter H requirements), see 42 Pa.C.S. §§ 9799.15, 9799.16, 9799.26, 9799.27, as well as lifetime monthly counseling, see 42 Pa.C.S. § 6404.2(g). The General Assembly later passed Act 29 of 2018, which replaced Act 10, but made no relevant changes to Subchapter H regarding the statutory scheme applicable to SVDCs.

To reflect the consequences of Subchapter H, the Committee recommended post-publication revision of Pa.R.J.C.P. 407(D) to state:

D. **Admission to an Act of Sexual Violence.** If a juvenile is making an admission to an act of sexual violence, see 42 Pa.C.S. § 6358, which may render the juvenile eligible for civil commitment for involuntary treatment upon attaining 20 years of age **and subject to SORNA requirements**, then the admission colloquy form set forth in paragraph (C) shall be amended to include substantially the following form:

The added language would qualify the use of the form for offenses subject to Subchapter H, which contains the SORNA requirements. Consequently, the previously proposed Question 4(b) within the proposed "Addendum to Admission Colloquy" form in Pa.R.J.C.P. 407(D) was revised to include only the consequence of SORNA registration. Where an offense is not subject to Subchapter H due to the date of the offense, the colloquy requirement pursuant to Pa.R.J.C.P. 407(D) would not apply.

Another significant change resulting from Act 10 with regard to SVDCs under Subchapter H was the addition of a provision allowing SVDCs, and other lifetime registrants, to petition for removal from the registry after 25 years. *See* 42 Pa.C.S. § 9799.15(a.2). To reflect this change, the Committee recommended the post-publication addition of Questions 4(c)-(d) to the proposed "Addendum to Admission Colloquy" form. The content of Question 4(c) is partially derived from the previously proposed Question (4)(b). These changes are intended to further inform a juvenile of the consequences of an admission and ability to seek removal from the registry.

This amendment to Pa.R.J.C.P. 407 will become effective October 1, 2021.